IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARILYN MATHES, Individually and as mother on behalf of her natural child, EMILY MATHES, Deceased, <br><br> Plaintiff, <br><br> vs. <br><br> BAYER CORPORATION, an Indiana corporation, BAYER HEALTHCARE PHARMACEUTICALS, INC., a Delaware corporation, and BAYER HEALTHCARE, LLC, a Delaware corporation, <br><br> Defendants. | CIVIL NO. 09-630-GPM |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The Court has reviewed sua sponte the allegations of federal subject matter jurisdiction contained in the complaint in this cause. *See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); *Taylor v. General Motors Corp.*, Civil No. 09-413-GPM, 2009 WL 1545832, at *1 (S.D. Ill. June 3, 2009); *Ball v. Ball*, Civil No. 09-405-GPM, 2009 WL 1515299, at *1 (S.D. Ill. June 1, 2009); *GE Commercial Distrib. Fin. Corp. v. Buchanan*, Civil No. 08-778-GPM, 2009 WL 909527, at *1 (S.D. Ill. Apr. 1, 2009). *Cf. Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1090-91 (S.D. Ill. 2007). In this action Plaintiff Marilyn Mathes asserts claims against Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., and Bayer Healthcare, LLC, arising from the death of Plaintiff's daughter Emily Mathes. According to Plaintiff's complaint, Plaintiff's daughter suffered a fatal pulmonary embolism in 2007 as a result

of using an oral contraceptive called Yaz/Yasmin that is manufactured by Defendants. The complaint asserts claims for strict products liability, negligence, negligent and intentional misrepresentation, breach of express and implied warranties, and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, and seeks compensatory and punitive damages.[1]

The basis for federal subject matter jurisdiction alleged in the complaint in this case is diversity of citizenship, which requires, of course, that there be complete diversity of citizenship among the parties, that is, no Plaintiff may be a citizen of the same state as any Defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a)(1); *Welch v. Norfolk S. Ry. Co.*, Civil No. 09-209-GPM, 2009 WL 2365596, at *1 n.1 (S.D. Ill. May 27, 2009); *Reynolds v. Schucks Mkts., Inc.*, Civil No. 09-334-GPM, 2009 WL 2259251, at *1 (S.D. Ill. May 19, 2009) (citing *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 998 (S.D. Ill. 2007)). Plaintiff, as the proponent of federal subject matter jurisdiction in this case, bears the burden of proof as to the existence of such jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006) (citing *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)); *Willis v. Greenpoint Mortgage Funding, Inc.*, Civil No. 09-593-GPM, 2009 WL 2475285, at *1 (S.D. Ill. Aug. 11, 2009).

---

1. In addition to a prayer for punitive damages in her complaint, Plaintiff avers a separate count for willful and wanton conduct and punitive damages against Defendants. As the Court recently had occasion to observe, it is unaware of any freestanding claim for relief for willful and wanton conduct under Illinois law. *See Bourda v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-181-GPM, 2009 WL 2345117, at *1 n.1 (S.D. Ill. May 19, 2009). Also, punitive damages are, of course, an item of damages, not a substantive claim for relief within the meaning of Rule 8(a) of the Federal Rules of Civil Procedure. *See Jones v. Krautheim*, 208 F. Supp. 2d 1173, 1178 (D. Colo. 2002) (citing *Cohen v. Office Depot, Inc.*, 184 F.3d 1292 (11th Cir. 1999)).

As an initial matter, the Court addresses the issue of the correct citizenship of Plaintiff in this cause. Although Plaintiff's complaint does not say so, the Court assumes that this action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/0.01 *et seq.*, and the Illinois Survival Act, 755 ILCS 5/27-6.[2] At one time it was held in the Seventh Circuit that the citizenship of a plaintiff in a wrongful death action for diversity purposes was the citizenship of a decedent's wrongful death beneficiaries. *See, e.g., Wilsey v. Eddingfield*, 780 F.2d 614, 616-17 (7th Cir. 1985); *Betar v. De Havilland Aircraft of Canada, Ltd.*, 603 F.2d 30, 35-36 (7th Cir. 1979). As amended in 1988, however, the statutory grant of diversity jurisdiction to the federal courts, 28 U.S.C. § 1332, now provides, in pertinent part, that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent[.]" 28 U.S.C. § 1332(c)(2). In view of this amendment, federal district courts in this Circuit commonly hold that in actions brought in a representative capacity, such as wrongful death and survival actions, a plaintiff's citizenship for diversity purposes is the citizenship of the plaintiff's decedent. *See Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768-GPM, 2007 WL 4226068, at *1 (S.D. Ill. Nov. 13, 2007);

---

2. In general, the Court notes, Illinois does not recognize a common-law action for wrongful death, and punitive damages, which, as already has been remarked, Plaintiff seeks in this action, are not available in suits brought under the Illinois Wrongful Death Act. *See In re Air Crash Disaster Near Chicago, Ill. on May 25, 1979*, 644 F.2d 594, 605 (7th Cir. 1981) (citing *Mattyasovszky v. West Towns Bus Co.*, 330 N.E.2d 509 (Ill. 1975)); *Burgess v. Clairol, Inc.*, 776 F. Supp. 1278, 1280-82 (N.D. Ill. 1991). In actions under the Illinois Survival Act, punitive damages may be available where a statutory scheme authorizes the survival of a prayer for punitive damages, but the intermediate court of Illinois has held that the Illinois Consumer Fraud and Deceptive Business Practices Act, which is the only statutory basis for an award of punitive damages in this case, does not authorize the survival of a prayer for punitive damages. *See Duncavage v. Allen*, 497 N.E.2d 433, 441-42 (Ill. App. Ct. 1986). *See also Allstate Ins. Co. v. Keca*, 368 F.3d 793, 800 (7th Cir. 2004) (citing *Lexington Ins. Co. v. Rugg & Knopp, Inc.*, 165 F.3d 1087, 1090 (7th Cir. 1999)) (decisions of an intermediate state court are controlling substantive law in diversity cases absent evidence that the highest court of a state would rule differently).

*Clevenger v. Eastman Chem. Co.*, No. 07-cv-148-DRH, 2007 WL 2458474, at **4-5 (S.D. Ill. Aug. 24, 2007); *Yarber v. Mehta*, No. 06-CV-1018-JPG, 2007 WL 1169699, at **1-2 (S.D. Ill. Apr. 18, 2007).[3] Therefore, Plaintiff's citizenship for diversity purposes is the citizenship of her daughter Emily.

Having resolved that matter, the Court turns to an examination of the allegations of federal diversity jurisdiction in Plaintiff's complaint. Plaintiff has properly alleged that her daughter Emily Mathes is a deceased Illinois citizen. Plaintiff also has properly alleged that Defendant Bayer Corporation is a corporate citizen of Indiana and Pennsylvania for diversity purposes, and that Defendant Bayer Healthcare Pharmaceuticals, Inc., is a corporate citizen of Delaware and New Jersey for diversity purposes. *See* 28 U.S.C. § 1332(c)(1); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006) (explaining that the citizenship of a corporation for diversity purposes is the state where the corporation is incorporated and the state where it maintains its principal place of business, meaning, in the Seventh Circuit, the state where the corporation maintains its headquarters or "nerve center") (collecting cases). Also, Plaintiff has properly alleged that an amount in excess of $75,000, exclusive of interest and costs, is in controversy between the parties. *See* 28 U.S.C. § 1332(a).

---

3. The Court notes that, just as Plaintiff does not allege that this action is brought under the Illinois wrongful death and survival statutes, so she does not allege that she is the legal representative of Emily Mathes. In general, "only the administrator or executor of a decedent's estate, and not the decedent's survivors, can maintain an action" under the Illinois survival statute. *Wilmere v. Stibolt*, 504 N.E.2d 916, 918 (Ill. App. Ct. 1987). Similarly, although the Illinois wrongful death statute does not mandate that a suit under the statute be brought by the administrator of a decedent's estate, it normally is a good idea for purposes of the real party in interest rule, *see* Fed. R. Civ. P. 17, for the plaintiff in a wrongful death action to secure appointment as the administrator of a decedent's estate before commencing or proceeding very far with the action. *See Wilson v. Sundstrand Corp.*, No. 99 D 6944, 99 C 6946, 2002 WL 99745, at **2-4 (N.D. Ill. Jan. 25, 2002); *Coleman v. McLaren*, 590 F. Supp. 38, 39 (N.D. Ill. 1984).

Unfortunately, with respect to Defendant Bayer Healthcare, LLC, Plaintiff alleges only that Bayer Healthcare, LLC, is a Delaware limited liability company with its principal place of business in New York. The citizenship of a limited liability company for diversity purposes is the citizenship of each of the limited liability company's members. *See Robinson v. Ortho-McNeil Pharm., Inc.*, 533 F. Supp. 2d 838, 840 (S.D. Ill. 2008) (citing *McNichols v. Johnson & Johnson*, 461 F. Supp. 2d 736, 738 n.1 (S.D. Ill. 2006)); *Lyerla*, 461 F. Supp. 2d at 837 n.1. Thus, Plaintiff must amend her complaint to allege the citizenship of each member of Bayer Healthcare, LLC. In her amended complaint Plaintiff must identify: (1) the state of which any natural person who is a member of Bayer Healthcare, LLC, is a citizen, meaning the state where that person is domiciled, that is, physically present with an intent to remain there indefinitely; (2) the state where any corporation that is a member of Bayer Healthcare, LLC, is incorporated and the state where the corporation maintains its principal place of business, defined, as noted, as the state where the corporation has its headquarters or nerve center; (3) the state of citizenship of the trustee or trustees of any trust that is a member of Bayer Healthcare, LLC, unless the law under which the trust is organized permits the trust to sue and be sued in its own name, in which case the citizenship of the trust is that of its beneficiary or beneficiaries; and (4), if any member of Bayer Healthcare, LLC, is a partnership, limited liability company, or other unincorporated association, the citizenship of every member of such an association. *See B & R Oil Co. v. Imperial Enters. of Ill., LLC*, Civil No. 09-257-GPM, 2009 WL 1867677, at *1 n.1 (S.D. Ill. June 29, 2009) (collecting cases).[4]

---

4. The online records of limited liability companies maintained by the office of the Illinois Secretary of State at http://www.cyberdriveillinois.com/departments/business_services/corp.html, which the Court can judicially notice, *see Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006), show that the only member of Bayer Healthcare, LLC, is Bayer Corporation. If so, Bayer Healthcare, LLC, is a citizen of Indiana and Pennsylvania for diversity purposes.

To conclude, Plaintiff Marilyn Mathes is hereby **ORDERED** to file an amended complaint in accordance with this Order not later than September 8, 2009. Failure to file an amended complaint as herein ordered will result in the dismissal of this case for lack of federal subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Ball v. Morgan Stanley & Co.*, Civil No. 09-406-GPM, 2009 WL 1708791, at **1-2 (S.D. Ill. June 17, 2009); *Ball v. Southwest Fiduciary, Inc.*, Civil No. 09-194-GPM, 2009 WL 1708764, at *2 (S.D. Ill. June 17, 2009).[5]

**IT IS SO ORDERED.**

DATED: August 24, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

5. As a final matter, the Court notes that the jurisdictional allegations of Plaintiff's amended complaint should not be made "on information and belief." *See B & R Oil*, 2009 WL 1867677, at *2; *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006).